IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHANNA MONSERRATE MERO ZAMBRANO,<br><br>    *Petitioner*,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>    *Respondents*. | Case No. 26-cv-722-ABA |

**ORDER**

Petitioner Johanna Monserrate Mero Zambrano is a citizen of Ecuador who last entered the United States in or around May 2024. ECF No. 1 ¶ 10. Upon her entry, Petitioner was apprehended and placed in expedited removal proceedings. *Id.* ¶¶ 11–12. At that point, Petitioner asserted a fear of removal to Ecuador and then subsequently filed for asylum. *Id.* ¶ 11. Petitioner "passed her credible fear interview" and entered full removal proceedings, before being released on parole in June 2024. *Id.* ¶ 12. Petition has filed a timely application for asylum. *Id.* ¶ 14.

On February 18, 2026, while at a regularly scheduled check-in with Immigration and Customs Enforcement ("ICE"), Petitioner was re-detained. *Id.* ¶ 17. Petitioner filed this action on February 21, 2026, seeking immediate release or, in the alternative, an order that Respondents are to provide her with a bond hearing in the state of Maryland. ECF No. 1 at 7.

On February 25, 2026, the parties submitted a joint notice stating that the issues in this case overlap with other recent cases involving habeas petitions, including *Maldonado de Leon v. Baker*, Case No. 25-3084-TDC, 2025 WL 2968042 (D. Md. Oct. 21, 2025); *Velasquez v. Noem,* Case No. 25-cv-3215-GLR, 2025 WL 3003684 (D. Md. Oct. 27, 2025);

1

*Villanueva Funes v. Noem*, Case No. 25-cv-3860-TDC, 2026 WL 92860 (D. Md. Jan. 13, 2026); and *Leal-Hernandez v. Noem*, Case No. 25-cv-2428-JRR, 2025 WL 2430025, at *8 (D. Md. Aug. 24, 2025). ECF No. 6 at 1.

This Court addressed similar issues in *Bautista Villanueva v. Bondi*, Case No. 25-cv-4152-ABA, 2026 WL 100595 (D. Md. Jan. 14, 2026). In *Bautista Villanueva*, the Court based its decision, in part, on the fact that the petitioner had been in the United States for more than two years so 8 U.S.C. § 1225(b)(1)(A)(iii) did not apply. 2026 WL 100595, at *1. Although Petitioner here has been in the United States for less than two years, § 1225 still does not apply as § 1225(b)(1)(A)(i) specifies that it applies to arriving noncitizens "***unless*** the alien indicates either an intention to apply for asylum under section 1158 of this title or a fear of persecution." (emphasis added). Therefore, given that Petitioner asserted a fear of persecution in Ecuador and has subsequently applied for asylum, Petitioner cannot be held under § 1225 and is subject to discretionary detention under § 1226.

Accordingly, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1) (the "Petition"), the Joint Notice filed by the Parties (ECF No. 6), the entire record in this case, and good cause having been shown, and for the reasons stated above and in *Bautista Villanueva v. Bondi*, Case No. 25-cv-4152-ABA, 2026 WL 100595 (D. Md. Jan. 14, 2026), the Court hereby ORDERS as follows:

1. The Petition is GRANTED IN PART and DENIED IN PART;
2. Respondents are ENJOINED from detaining Petitioner under 8 U.S.C. § 1225(b);
3. Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to a bond hearing consistent with 8 C.F.R. §§ 236.1(d), 1003.19 and 1236.1(d);

4. A bond hearing shall be held within fifteen (15) days of Petitioner's filing of a motion with the Immigration Court;

5. The bond hearing must be conducted by an Immigration Judge with jurisdiction or administrative control over Petitioner's detention and removal proceedings, and the hearing must comply in all respects with the regulations at 8 C.F.R. §§ 236.1(d), 1003.19, 1236.1(d) and any attendant process available pursuant to these provisions;

6. This Order does not require Respondents to transfer or transport Petitioner to Maryland prior to a bond hearing;

7. If bond is granted and Petitioner is released, nothing in this Order precludes United States Immigration and Customs Enforcement from imposing reasonable conditions of release;

8. The parties shall provide this Court with a Status Report within 20 days of this Order;

9. The Court shall RETAIN jurisdiction of this matter to enforce compliance with this Order.

Date:  March 2, 2026

                                                                                                            */s/*
                                                                                       Adam B. Abelson
                                                                                       United States District Judge